

> U.S. DISTRICT COURT — N.D. OF N.Y.
> **FILED**
> SEP 20 2000
> AT_____ O'CLOCK_____
> Lawrence K. Baerman, Clerk — Syracuse

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**UNITED STATES OF AMERICA**

       **v.**

**4628 GROUP, INC.,**

           **Defendant.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**Criminal Action No.**
**00-CR- 441**

**Vio:  42 U.S.C. § 7413(C)(1)**
       **(Felony)**

## PLEA AGREEMENT UNDER RULE 11(e)(1)(C) OF THE
## FEDERAL RULES OF CRIMINAL PROCEDURE

**1.**    **INTRODUCTION**

    1.1    The United States of America, by and through its attorney, Daniel J. French, United States Attorney for the Northern District of New York, by Craig A. Benedict, Assistant U.S. Attorney, and **4628 GROUP, INC.,** the defendant herein by Rodney Personias, Esq., its attorney, hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against **4628 GROUP, INC.** as hereinafter specified:

1.2    In return for the consideration set forth in this Plea Agreement, and having been advised of its right to proceed to trial in this matter, **4628 GROUP, INC.** agrees to waive Indictment and enter a plea of guilty to the attached Information 00-CR-____ by admitting that it is guilty of violating 42 U.S.C. § 7413(c)(2) as charged therein, i.e., violating the NESHAPs requirements for conducting a thorough inspection prior to the demolition of a building containing asbestos located at 1815 Genesee Street, Syracuse, New York on or about August, 1999.

## 2. ADMISSIBILITY OF STATEMENTS

2.1    **4628 GROUP, INC.**, by the signature of its attorney hereto, acknowledges its right to the assistance of counsel, which it has obtained; said counsel by his signature hereto having witnessed and approved this Plea Agreement.

2.2    The parties agree that any statement made by the defendant in connection with the signing of this Plea Agreement and the entry of any plea, and any statements made by the defendant (via representatives) to federal agents or federal attorneys after this Plea Agreement is signed, shall be admissible and/or useable against the defendant in any proceeding if the defendant breaches this Plea Agreement, fails to enter its plea of guilty, or withdraws its guilty plea.   The defendant acknowledges that statements made in this Plea Agreement, statements made at the time of the entry of the plea, and any statements made by the defendant to federal agents or federal attorneys after this Plea Agreement is signed, may be used against it in any subsequent criminal proceeding in the event that it fails to enter

2

such plea or is permitted to withdraw the plea. The defendant specifically waives any protection he might have under Rule 11(e)(6)(C) and (D) of the Federal Rules of Criminal Procedure and Rule 410(3) and (4) of the Federal Rules of Evidence.

## 3. <u>THE DEFENDANT'S ADMISSION OF GUILT</u>

### 3.1   <u>Waiver of the Defendant's Right to Stand Trial</u>

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, and that it has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense. The defendant further understands and agrees that by pleading guilty it waives or gives up those rights, and there will be no trial.

### 3.2   <u>Factual Basis for the Plea</u>

The defendant, **4628 GROUP, INC.**, is pleading guilty because it is in fact guilty of the charge contained in the attached Information. In pleading guilty to this charge, the defendant acknowledges that if it elected to go to trial the United States would prove beyond a reasonable doubt all of the facts set forth in paragraph 3.3, and further acknowledges that those facts would support its conviction for participating in the violation of law set forth in the attached Information. The defendant also specifically admits the following facts as true, and declares these facts to be true under the penalties of perjury pursuant to Title 28, United States Code, Section 1746:

3

3.3    Statement of Relevant Facts

A.    **4628 GROUP, INC.** via its authorized representative admits that it violated 42 U.S.C. § 7413(c)(2) and 42 C.F.R. §§ 61.145(a) at 1815 Genesee Street in Syracuse, N.Y. on or about August, 1999 by failing to perform a thorough inspection required prior to the demolition of a commercial property that contained a jurisdictional amount of regulated asbestos containing material (RACM).

3.4    The defendant, **4628 GROUP, INC.**, acknowledges that it has fully considered the charges set forth in the attached Information with its attorney, Rodney Personias, Esq., and admits that it has no adequate legal or factual defense to this charge. It further admits that it has authorized Rodney Personias to enter the guilty plea on its behalf and will supply a corporate resolution so attesting at or before the date of the entry of the plea.

## 4.    THE DEFENDANT UNDERSTANDS THE CONSEQUENCES OF PLEADING GUILTY

The defendant has been informed and understands that there are certain consequences of pleading guilty; and defense counsel, by signing this Plea Agreement, affirms that he has fully informed the defendant concerning the consequences of pleading guilty, including those consequences set forth in paragraphs 3.1 and 3.2, as well as the following paragraphs:

4.1    The defendant understands that the possible maximum fine in connection with the crimes alleged in the attached Information is $500,000.00 or twice the gross gain to the defendant or twice the gross loss to any victim.

4

4.2    The defendant further understands that upon its failure to pay said fine, it may be charged interest and penalties at the applicable statutory rates. The defendant also understands that the fine must be paid immediately when directed by the Court and that such interest begins to accrue from the date of sentence.

4.3    The defendant understands that a special assessment will be made against it pursuant to Title 18, United States Code, Section 3013 in the amount of $400.00, which must be paid immediately after sentencing. However, in order to facilitate the collection of said assessment, the defendant hereby agrees that it will provide a certified check or money order in the amount of $400.00 payable to the "United States District Court," which shall be delivered to the United States District Court on the date of entry of the plea.

4.4    The defendant understands that certain conditions of sentence may include an order of restitution.

4.5    The defendant understands that it may be ordered by the Court, as a part of its sentence, to pay the cost of probation supervision, depending upon its financial assets and liabilities.

4.6    The defendant understands that any one or more combinations of the above sentences are possible.

## 5. <u>AGREEMENTS MADE BY THE UNITED STATES</u>

5.1     If the defendant fulfills all the obligations of this Plea Agreement, the United States Attorney agrees not to further criminally prosecute the Defendant, the Ellicott Development Corporation or the 9274 Group, Inc. for any act or offense that these entities may have committed in the Northern District of New York related to asbestos before the date of the signing of this plea agreement and to which the United States had knowledge, for violations of the Clean Air Act and the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA or Superfund).

## 6. <u>FIXED RULE 11(e)(1)(C) SENTENCE</u>

6.1     Subject to the defendant complying with all other terms and conditions of this plea agreement, and subject to the approval of the Court, the parties agree to the following fixed sentence pursuant to Fed. R. Crim. P. 11(e)(1)(C):

a.  The defendant shall be sentenced to a fine of $ 500,000.00 to be paid in four equal installments over a one year period commencing on the date of sentencing.

b.  The defendant shall be placed on probation for a term of two years.

c.  The defendant shall, prior to sentencing, create and thereafter participate in an environmental compliance monitoring program approved by the United States Environmental Protection Agency.

6

6.2   The defendant understands that whether to accept this binding sentence is completely within the discretion of the Court.  Should the Court decline to accept this sentence then, and only then, the defendant may withdraw its plea of guilty and the United States expressly reserves its right to charge the defendant and any other person with any and all crimes.  Refusal by the Court to impose the sentence set forth in paragraph 6.1 shall provide the only basis upon which the defendant may withdraw its plea.

6.3   The defendant understands that upon its failure to pay said fine, it may be charged interest and penalties at the applicable statutory rates.  The defendant also understands that the fine must be paid immediately following imposition of sentence and that interest begins to accrue from the date of sentence.

6.4   In the event that the defendant is unable or for any other reason does not timely pay the fine set forth in this agreement, then the Ellicott Development Corporation, a signatory hereto and a related entity, agrees to pay the fine in whole within thirty days of the first non-payment by the defendant.  Ellicott Development Corporation agrees not to object to or challenge in any manner legal actions by the United States to collect any remaining fine from it in the event of a default by the defendant.

6.5   In addition to the defendant, Ellicott Development Corporation and all related entities agree to create and participate in an environmental compliance monitoring program approved by the United States Environmental Protection Agency.  Creation and participation in such program shall occur as quickly as possible following execution of this agreement.

7

## 7. **NO THREATS OR PROMISES**

7.1     It is expressly understood that there are no promises or inducements of any

kind which have caused the defendant to enter a plea of guilty, other than those set forth in

this Plea Agreement.  Furthermore, the defendant, **4628 GROUP, INC.,** and its attorney,

Rodney Personias, acknowledge that the defendant is entering into this Plea Agreement and

is pleading guilty freely and voluntarily without reliance upon any discussions between the

attorney for the Government and the defendant, or its attorney, and without promise or

benefit of any kind other than the concessions contained in this Plea Agreement; and without

threats, force, intimidation, or coercion of any kind.  Finally, the defendant acknowledges

that no Assistant United States Attorney, nor any other representative of the Government,

has made any threat or promise to induce it to plead guilty.  It is pleading guilty because it

is in fact guilty.

7.2     This Plea Agreement does **not** extend to any crimes which may be committed

by the defendant following the date of this Plea Agreement.  Should it be determined that

the defendant has violated any local, state or federal law following the date of this Plea

Agreement, then this Plea Agreement shall be deemed null and void and the defendant shall

thereafter be subject to prosecution as provided herein.

7.3     The United States and the defendant agree that nothing in this plea agreement

shall limit the right of any agency or office of the United States, including but not limited

to the United States Environmental Protection Agency, to seek and take civil or

administrative action that is otherwise authorized by and consistent with the Constitution and laws of the United States against the defendant, including any such action relating to suspension or debarment.

## 8. SENTENCING

8.1    The United States and the defendant, **4628 GROUP, INC.**, agree that each reserves all respective rights (a) to inform the Probation Office preparing the presentence investigation report of all relevant facts and circumstances, (b) to address the Court at the time of sentencing, including presenting testimony and evidence, and proffers of testimony and evidence to the extent permitted in any case.

## 9. DISTRICTS BOUND

9.1    The defendant understands and agrees that this Plea Agreement is limited to the United States Attorney's Office for the Northern District of New York and cannot bind any other federal, state or local prosecuting authorities.  The United States Attorney's Office for the Northern District of New York will, however, bring this Plea Agreement to the attention of such other prosecuting authorities if so requested.

## 10. MOTION TO WITHDRAW OR SET ASIDE THE PLEA

10.1    The defendant understands and agrees that if, at any time, before sentence it makes a motion to set aside its guilty plea and conviction, the United States will have the

absolute right to prosecute the defendant and any other person or entity for crimes not charged against it or them.

## 11.  ENTIRE AGREEMENT

11.1   It is expressly understood that this document contains the entire Plea Agreement and that no additional promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement and none shall be entered into unless in writing and signed by all parties.

Dated:   __9|20__ , 2000           DANIEL J. FRENCH
                                    United States Attorney
                                    Northern District of New York
                                    P.O. Box 7198
                                    100 South Clinton Street
                                    Syracuse, New York  13261-7198


                            By:    _____
                                    Craig A. Benedict
                                    Assistant U.S. Attorney


The defendant certifies that it has read this Plea Agreement, that it fully understands

and accepts the terms thereof.


_Emil M Rossi_ (signature)                    Date _Sept - 20_, 2000
_____
**4628 GROUP, INC.**
Defendant
~~By Rodney Personias, Esq.~~
_Emil M Rossi_


_____
Ellicott Development Corporation
By _____

11